## WHITE v. BRINCK.

*Appeal from Lee District Court— Wednesday, October 27.*

CONTRACT — CONFLICTING EVIDENCE.

JUDGMENT for plaintiff. Defendant appeals. The facts sufficiently appear in the opinion.

*J. M. Casey* for the appellant — *John Van Valkenburg* and *George W. McCrary* for the appellee.

DILLON, Ch. J. — Although the testimony in this case is very voluminous, and largely immaterial, yet the points presented by the appellant are few, and may be briefly stated and decided.

The defendant is the owner of a mill. The plaintiff is a millwright and miller.

The parties, according to a contemporary, though unexecuted, memorandum, made an agreement in substance this:

Plaintiff to manage the business and run the mill for one year from August 1, 1865, and to have four-tenths of the net profits, and defendant to furnish capital to run the mill. Before the time expired the parties disagreed, and the defendant insisted upon obtaining, and did obtain, possession of the mill, by compelling the plaintiff to abandon the same.

The plaintiff sues for the following items:

1. For services as millwright and miller between August 1, 1865, and October 1, 1865.

2. For his share of the profits from October 1, 1865, to February 12, 1866, the date when it is claimed the defendant locked up the mill and ejected the plaintiff therefrom.

3. Damages thereby caused to the plaintiff.

The cause seems to have been very patiently investigated by the referee, Mr. Gilmore, who reported against the plaintiff upon every

matter except two. These were, 1st, an allowance to the plaintiff for services as millwright in the improvement and repair of the mill between August 1 and October 7, about two months, at $150 per month; 2d, the sum of $150 as damages caused by the abrupt termination of the contract by the defendant on or about February 12, 1866. From a decree based upon this report the defendant appeals.

Respecting the first item thus allowed, we discover evidence upon which the referee was authorized to find that the plaintiff was to be paid for his services on repairing and putting the mill in order; and it is the more equitable that the defendant should be compelled to pay, since he gets the benefit thereof, and the plaintiff, unless he is allowed therefor, will lose them, as the contract was terminated by the act of the defendant long before it expired by its own limitation.

Concerning the second item for which the referee made an allowance, it is, on the whole, the opinion of the court (though it is admitted that the case is by no means free from doubt), that the defendant did not clearly establish such a state of facts as would justify him in taking forcible possession of the mill, excluding the plaintiff therefrom, and thereby putting an end to the contract. The allowance to the plaintiff of $150 as damages is approximately as correct a result as can be reached from the uncertain and conflicting evidence.

As the cause involves no disputed questions of law, it is not deemed necessary to discuss it at greater length. The decree below is

Affirmed.

Mr. Justice BECK, having been of counsel, took no part in the determination of the case.